**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| TERRANCE DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2017 cv 6399 |
| | ) |
| CITY OF CHICAGO, Chicago Police Officers VICTOR, | ) |
| RAZO, Star No. 16254, In his Individual Capacity, | ) <u>Jury Trial Demanded</u> |
| BRANDON TERNAND, Star No. 7808, In his Individual | ) |
| Capacity, ANTHONY MUNIZZI, Star No. 15447, in his | ) |
| Individual capacity, and WILLIAM LEVIGNE, Star No. | ) |
| 14059, In his Individual Capacity, | ) |
| | ) |
| Defendants. | ) |

FILED

4/30/2019

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

---

**AMENDED COMPLAINT**

---

NOW COMES the Plaintiff, TERRANCE DAVIS, by and through his attorneys, OTUBUSIN & ASSOCIATES, P.C., and complaining of Defendants, CITY OF CHICAGO, Chicago Police Officers VICTOR RAZO, in his Individual Capacity, BRANDON TERNAND, in his Individual Capacity, ANTHONY MUNIZZI, in his Individual Capacity, and WILLIAM LEVIGNE, in his Individual Capacity, states as follows:

<u>**Cause of Action**</u>

1. This action is brought pursuant to 42 U.S.C. §1983, the U.S. Constitution, the Laws of the State of Illinois and the Illinois Constitution, <u>et</u> <u>seq</u>. to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

2. Specifically, as a result of the egregious misconduct by law enforcement, Plaintiff Terrance Davis, was wrongfully arrested for a heinous crime he did not commit.

3. As a further result of the egregious misconduct by law enforcement, Plaintiff Terrance Davis was permanently and severely injured.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1343(a); the Constitution of the United States; and supplemental jurisdiction as codified in 28 U.S.C. §1367(a).

5. Venue is proper pursuant to 28 U.S.C. §1391 (b). All parties reside in the judicial district, and the events giving rise to the claims asserted herein occurred within the district.

## The Parties

6. Plaintiff Terrance Davis (hereinafter referred to as "Plaintiff") was at all relevant times a citizen of the United States and a resident of Cook County, Illinois.

7. Defendants RAZO, TERNAND, MUNIZZI and LEVIGNE were, at the time of this occurrence, duly appointed police officers employed by the City of Chicago and engaged in the conduct complained of in the course and scope of their employment with the City of Chicago.

6. Defendant Victor Razo (hereinafter referred to as "Defendant Razo") is a police officer and the apparent agent of the City of Chicago Police Department. Defendant Razo is sued in his individual capacity.

7. Defendant Brandon Ternand (hereinafter referred to as "Defendant Ternand") is a police officer and the apparent agent of the City of Chicago Police Department. Defendant Ternand is sued in his individual capacity.

8.  Defendant Anthony Munizzi (hereinafter referred to as "Defendant Munizzi") is a police officer and the apparent agent of the City of Chicago Police Department. Defendant Munizzi is sued in his individual capacity.

9.  Defendant William Levigne (hereinafter referred to as "Defendant Levigne") is a police officer and the apparent agent of the City of Chicago Police Department. Defendant Munizzi is sued in his individual capacity.

10. At the At the times material to this complaint, Defendants Razo, Ternand, Munizzi and Levigne were acting under color of state law, ordinance, and /or regulation. They are sued in their individual capacities. Each Defendant's actions constituted "state action" as defined under federal law.

11. Defendant City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois, is the employer and principal of the defendant police officers, and is responsible for the policies, practices and customs of its Police Department, City Council, Independent Police Review Authority, and Police Board.

## FACTUAL BACKGROUND

12. On August 21, 2012 at about 10:40 p.m., shots were fired from a 2000 Oldsmobile Alero vehicle driven by Vandreil Simmons in the 6700 block of South Blackstone in the City of Chicago

13. Vandreil Simmons had an unknown person in the car with him.

14. The shot fired from the vehicle struck a victim's head who collapsed at the location.

15. Vandreil Simmons and the unknown person fled the scene in the car and subsequently crashed into two parked vehicles at approximately 6751 South Blackstone in Chicago.

16. As the police officers approached the vehicle, the unknown person exited the vehicle and pointed a Ruger .380 caliber semi-automatic handgun at the police officers.

17. Two of the police officers discharged their weapons at the unknown offender.

18. The unknown person discarded his pistol, and fled on foot south to 68th Street, and then, west, making good his escape.

19. Vandreil Simmons was taken into custody as he tried to exit the vehicle.

20. On February 10, 2014, an investigative alert was placed for Terrance Davis after the CODIS Administrator Kathleen Kozak, the Forensic Scientist, determined that a biological swab taken from a plastic cup recovered from the center console of the offender's vehicle matched the DNA profile of Terrance Davis.

21. On February 25, 2014, Terrance Davis turned himself in to the members of the Fugitive Apprehension Unit in Area Central.

22. On February 25, 2014, Police Officers Razo and Ternand positively identified Terrance Davis in a line up.

23. Thereafter, Officers Munizzi and Levigne arrested Terrance Davis.

24. Terrance Davis was charged with two counts of aggravated assault of a Police Officer with a firearm and one count of Attempted Murder First Degree.

25. On February 25, 2014, Terrance Davis was taken into the Cook County Correctional Center.

26. Terrance Davis was incarcerated for nine hundred and sixty (960) days, a total of twenty-three thousand and forty (23,040) hours until October 13, 2016.

27. On October 13, 2016, Terrance Davis went on trial and, at the conclusion of trial, he was exonerated of all charges.

28.     Police Officers Razo, Ternand, Munizzi and Levigne conspired to charge Plaintiff with a crime that he never committed and to place Plaintiff on the scene of a crime when he was not there at all.

## COUNT I
### (Due Process - 42 U.S.C. § 1983)

1-28.   Plaintiff realleges, restates and incorporates by reference, paragraphs 1-28 of this Complaint as and for paragraphs 1-28 of this Count I.

29.     Defendants, acting under color of law and within the scope of their employment, deprived Plaintiff of his constitutional right to due process. Each of the defendants deliberately fabricated evidence used in prosecuting the Plaintiff which violated Plaintiff's right of due process. Absent this misconduct, the arrest and prosecution of the Plaintiff could not and would not have been pursued and the criminal charges would have been dismissed.

30.     As a result of the violation of his constitutional right to due process, the Plaintiff suffered and continues to suffer injuries.

31.     The misconduct that occurred in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

        WHEREFORE, the Plaintiff TERRANCE DAVIS, respectfully requests that this Court enter Judgment in his favor and against Defendants CITY OF CHICAGO, RAZO, TERNAND, MUNIZZI and LEVIGNE, awarding compensatory damages, costs, and attorney's fees along with punitive damages against each of the Defendants named in this count as well as any other relief this Court deems just and appropriate.

**COUNT II**
**(False Arrest - 42 U.S.C. § 1983)**

1-28.  Plaintiff realleges, restates and incorporates by reference, paragraphs 1-28 of this Complaint as and for paragraphs 1-28 of this Count II.

29.  Plaintiff was improperly seized and arrested by Defendants without legitimate probable cause. Plaintiff was denied liberty without justification in violation of the Constitution.

30.  As a result of the above described wrongful infringement of Plaintiff's rights, Plaintiff has suffered damages, including, but not limited to, substantial mental distress and anguish.

31.  The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of the Plaintiff.

WHEREFORE, Plaintiff TERRANCE DAVIS respectfully requests that this Court enter Judgment in his favor and against Defendants CITY OF CHICAGO, RAZO, TERNAND, MUNIZZI and LEVIGNE, awarding compensatory damages, costs, and attorney's fees along with punitive damages against each of the Defendants named in this count as well as any other relief this Court deems just and appropriate.

**COUNT III**
**(Malicious Prosecution - State Law Claim)**

1-28.  Plaintiff realleges, restates and incorporates by reference, paragraphs 1-28 of this Complaint as and for paragraphs 1-28 of this Count III.

29.  Defendants, individually and/or jointly and in conspiracy, initiated and/or continued a malicious prosecution against the Plaintiff, all without probable cause. Defendants were

each instrumental in the initiation and perpetuation of the prosecution of the Plaintiff. These Defendants each acted with malice.

30. The Plaintiff was incarcerated for nine hundred and seventy-eight (978) days.

31. Defendants are liable for malicious prosecution because it was proximately caused by their unlawful actions as set forth above.

32. These actions directly and proximately caused the injuries and damages to the Plaintiff as claimed above, and constitute the tort of malicious prosecution under Illinois law.

WHEREFORE, Plaintiff TERRANCE DAVIS respectfully requests that this Court enter Judgment in his favor and against Defendants CITY OF CHICAGO, RAZO, TERNAND, MUNIZZI and LEVIGNE, awarding compensatory damages, costs, and attorney's fees along with punitive damages against each of the Defendants named in this count as well as any other relief this Court deems just and appropriate.

## COUNT IV
### (Intentional Infliction of Emotional Distress - State Law Claim)

1-28. Plaintiff realleges, restates and incorporates by reference, paragraphs 1-28 of this Complaint as and for paragraphs 1-28 of this Count IV.

29. The acts and conduct of Defendants set forth above were extreme and outrageous. The Defendants intended to cause, or were in reckless disregard of the probability that their conduct would cause severe emotional distress to the Plaintiff.

30. Said actions and conduct did directly and proximately cause severe emotional distress to the Plaintiff.

31. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of the Plaintiff.

32. As a proximate result of Defendants' wrongful acts, Plaintiff suffered damages, including severe emotional distress and anguish.

WHEREFORE, Plaintiff TERRANCE DAVIS respectfully requests that this Court enter Judgment in his favor and against Defendants CITY OF CHICAGO, RAZO, TERNAND, MUNIZZI and LEVIGNE awarding compensatory damages, costs, and attorney's fees along with punitive damages against each of the Defendants named in this count as well as any other relief this Court deems just and appropriate.

## COUNT V
### (Conspiracy)

1-28. Plaintiff realleges, restates and incorporates by reference, all above paragraphs for paragraphs 1-28 of Count V of this Complaint at Law.

29. Defendants together reached an understanding, engaged in a course of conduct, and otherwise jointly acted and/or conspired among and between themselves to falsely arrest and imprison and to intentionally inflict severe emotional distress on the Plaintiff.

30. In furtherance of this conspiracy or conspiracies, Defendants named above committed the overt acts set forth above including, but not limited to, the wrongful imprisonment and prosecution of the Plaintiff, of knowingly concealing exculpatory evidence about the Plaintiff, including but not limited to, the making of knowing misstatements and the presentation of this knowingly false and incomplete evidence to prosecutors and the filing of false and incomplete statements and reports.

31. Said conspiracy or conspiracies and overt acts were continued from February 25, 2014 to October 13, 2016.

32. Defendants' acts, as set forth above, in jointly and/or conspiring together to falsely imprison, maliciously prosecute and intentionally inflict emotional and physical distress on the Plaintiff, constitute the tort of conspiracy.

33. This conspiracy proximately caused the injuries to the Plaintiff as set forth above.

WHEREFORE, Plaintiff TERRANCE DAVIS respectfully requests that this Court enter Judgment in his favor and against Defendants CITY OF CHICAGO, RAZO, TERNAND, MUNIZZI and LEVIGNE awarding compensatory damages, costs, and attorney's fees along with punitive damages against each of the Defendants named in this count as well as any other relief this Court deems just and appropriate.

## COUNT VI
### 745 ILCS 10/9-102 – Indemnification – City of Chicago

1-28. Plaintiff realleges, restates and incorporates by reference, all above paragraphs for paragraphs 1-28 of Count VI of this Complaint.

29. Defendant CITY OF CHICAGO has an obligation to indemnify the City of Chicago Police Department and the Police Officers for the acts of the Police Officers and individual defendants as the individual defendants were at all times relevant, employees of the City of Chicago Police Department and Defendants Razo, Ternand, Munizzi and Levigne were apparent agents of the City of Chicago Police Department.

30. The individual defendants were at all times relevant acting within the course and scope of their employment.

WHEREFORE, pursuant to 745 ILCS 10/9-102, Plaintiff TERRANCE DAVIS demands judgment against the CITY OF CHICAGO in the amounts awarded to TERRANCE DAVIS against the individual Defendants by way of judgment or settlement, including any and all amounts awarded for damages, and costs, and attorney's fees.

## COUNT VII
### (Respondeat Superior - State Law Claim – City of Chicago)

1-28.  Plaintiff realleges, restates and incorporates by reference, all above paragraphs for paragraphs 1-28 of Count VII of this Complaint.

29. In committing the acts above, each of the Defendants were members of and/or agents of, the CITY OF CHICAGO acting at all relevant times within the scope of their employment.

30. Defendant CITY OF CHICAGO is liable as a principle for all torts committed by its agents.

WHEREFORE, Plaintiff TERRANCE DAVIS demands judgment against the CITY OF CHICAGO in the amounts awarded to the Plaintiff by way of judgment or settlement, including any and all amounts awarded for damages, and costs, and attorney's fees.

### JURY DEMAND

Plaintiffs hereby demand a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Respectfully submitted,

**TERRANCE DAVIS**

By:  ___/s/  Paul O. Otubusin_____
          One of His Attorneys

Dated: March 13, 2019

Paul O. Otubusin, Esq.
ARDC No: 6205261
OTUBUSIN & ASSOCIATES, P.C.
77 West Washington Street, Suite 1204
Chicago, Illinois 60602
E-mail: drotubusin@otubusinlaw.com
(312) 251-1480
(312) 251-1481 (Fax)